UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OTIS GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09 CV 1724 DDN |
| ) | |
| WALGREEN COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendants Walgreen Company and Allison Hempel to dismiss (Doc. 13), and the motions of Otis Griffin to dismiss (Docs. 27, 28). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 40.)

**I. BACKGROUND**

On October 15, 2009, plaintiff Otis Griffin commenced this action against Walgreen Company (Walgreen), Allison Hempel, the City of Cool Valley, and Officer Kyle Boland, following his arrest after entering a Walgreens store. (Doc. 1.) Allison Hempel was a Walgreens employee at the time of the incident (Doc. 11 at ¶ 3) and Kyle Boland was the police officer who responded to the call from Walgreens. (Doc. 18 at ¶¶ 4, 25.) Griffin is African-American, and Hempel is white.

From the complaint, Griffin alleges the following facts:

On October 18, 2007, Griffin entered a Walgreens on South Florissant Street to purchase medicine for his wife. (Doc. 1 at ¶ 9.) When he entered the store, Hempel ordered Griffin to leave the store, believing he was a thief named "John," who was on the company's "no trespass" list. (Id. at ¶ 11, 14.) Griffin promptly told Hempel that he was not "John," gave her his legal name, and insisted that he was there to buy medicine. (Id. at ¶¶ 18, 20.) Hempel refused to let Griffin buy the medicine, and threatened to call the police. (Id. at ¶ 21.) Griffin told Hempel that he would wait for the police to arrive. (Id. at ¶ 23.)

When Officer Boland arrived, Griffin told the officer that this was a case of mistaken identity, and that he wanted to avoid any further humiliation and suggestion that he was a thief. (Id. at ¶ 26.) Griffin cooperated with the investigation, and Officer Boland allowed him to leave the store without incident. (Id. at ¶ 31.)

That same day, Hempel filed a written complaint against Griffin, for assault and trespass. (Id. at ¶ 32.) Officer Boland received the complaint, and placed a "wanted" charge against Griffin in the police system. (Id. at ¶ 38.) These charges were based on Griffin's initial entry into the store, and did not contain any evidence beyond Hempel's original oral complaint. (Id. at ¶¶ 33, 35.)

On November 29, 2007, police arrested Griffin on the assault and trespass charges. (Id. at ¶ 39.) Griffin appeared at trial to defend his reputation. (Id. at ¶ 42.) Hempel did not appear for trial, and the City of Cool Valley ultimately dismissed the charges. (Id. at ¶¶ 43-45.)

From these allegations, Griffin alleges four claims. In Count I, he asserts a claim of unreasonable arrest against all four defendants. (Id. at ¶¶ 50-69.) In Count II, he asserts a claim of defamation against Walgreen and Hempel. (Id. at ¶¶ 70-76.) In Count III, he asserts a claim of false imprisonment against all four defendants. (Id. at ¶¶ 77-84.) In Count IV, he asserts a claim of malicious prosecution against all four defendants. (Id. at ¶¶ 85-92.)

The defendants deny the charges against them, and also allege counterclaims. (Docs. 11, 12, 18.) Hempel asserts a counterclaim for assault against Griffin. (Doc. 11 at 26-27.) She alleges that Griffin threatened her with physical violence after she told him to leave the store, that he had the ability to carry out these threats, and that she felt threatened by his words. (Id.) Walgreen asserts a counterclaim for conversion and trespass against Griffin. (Doc. 12 at 26-29.) It alleges that Griffin stole merchandise from a Walgreens on North Main Street, in O'Fallon, on May 22, 2009. It also alleges that Griffin had been told that he was not welcome at the Walgreens on South Florissant, and that he refused to leave the store after Hempel instructed him to do so. (Id.)

## II. MOTIONS TO DISMISS

Walgreen and Hempel move to dismiss Count I of the complaint. (Doc. 13.) They argue that a claim for unreasonable arrest requires state action, and that they are not state actors. There is no evidence that they acted in concert with the police. Walgreen and Hempel also urge the court to decline to exercise supplemental jurisdiction, and to dismiss the remaining state law counts. (Docs. 14, 39). In response, Griffin argues that Walgreen and Hempel acted in joint participation with the police, and notes that a store can be considered a state actor. (Doc. 30.)

Griffin moves to dismiss Hempel's counterclaim for assault. He argues that words alone, even if threatening, cannot state a claim for assault. (Docs. 27, 41.) In response, Hempel argues that Griffin had the ability to act on his threats, and that he was unable to carry out these threats only because other Walgreen employees intervened to stop him. (Doc. 38.)

Griffin also moves to dismiss Walgreen's counterclaim for conversion. He argues that the company's pleading fails to specify what property he took, and what specific actions qualified as stealing or tortious taking. (Docs. 28, 44.) In response, Walgreen argues that the city prosecutor has the full list of stolen items. (Doc. 37.) The company has attached the complaint that accused Griffin of stealing. (Doc. 37, Ex. A.)

## III. MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003). In 2007, the Supreme Court issued a new standard for evaluating motions to dismiss. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (overruling the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Despite overruling the Conley standard, the Supreme Court cautioned that it had not created a

heightened pleading standard. Bell Atlantic, 550 U.S. at 569 n.14, 570.

Under Bell Atlantic, a complaint must include enough facts to state a claim for relief that is plausible on its face. Id. at 570. If the claims are merely conceivable - but not plausible - the court must dismiss the complaint. Id. To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. A complaint does not, however, need specific facts; a complaint only needs to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 92 (2007) (per curiam). The Federal Rules of Civil Procedure demand only that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That said, the allegations must still be enough to "raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

A complaint must be liberally construed in the light most favorable to the plaintiff. See id. Moreover, a court must accept the facts alleged as true, even if doubtful. Id. Thus, a well-pled complaint may proceed even if it appears the recovery is very remote or unlikely. Id. To warrant dismissal, the plaintiff's entitlement to relief must fall short of being plausible. Id. at 569 n.14, 570.

## **IV. DISCUSSION**

**Unreasonable Arrest**

Section 1983 creates a cause of action for litigating alleged civil rights violations. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). To state a claim for a § 1983 violation, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. Roe v. Humke, 128 F.3d 1213, 1215 (8th Cir. 1997).

"[U]nder color of state law" imposes the same requirements as the "state action" requirement of the Fourteenth Amendment. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 929 (1982). As a general rule,

§ 1983 will not reach the conduct of private parties acting in their individual capacities. Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."). But if a private individual or corporation acts under color of state law, the person or entity may be sued under § 1983. See Lindsey, 484 F.3d at 827; Crumpley-Patterson, 388 F.3d at 590. In that sense, the cardinal question is not whether a corporation or individual is a "person" under § 1983, but whether the corporation or individual was acting under color of state law. See Lindsey, 484 F.3d at 827.

A private party acts under color of state law where it is "a willful participant in joint activity with the State or its agents" in denying a plaintiff's constitutional rights. Dossett v. First State Bank, 399 F.3d 940, 947 (8th Cir. 2005). As an example, "a store and its employees may be considered to be acting jointly with police when the police will detain accused shoplifters without making an independent investigation. . . ." Murray v. Wal-Mart, Inc., 874 F.2d 555, 559 (8th Cir. 1989). In contrast, a private party's decision to invoke state legal procedures does not constitute joint participation with state officials. Mosley v. Reeves, 99 F. Supp. 2d 1048, 1055 (E.D. Mo. 2000).

In his complaint, Griffin alleges that Officer Boland conducted a thorough investigation when he first arrived at the Walgreens. (Doc. 1 at ¶ 27.) When the officer did not find any stolen items in his possession, Officer Boland allowed him to leave without incident. (Id. at ¶¶ 30-31.) After his release, Griffin alleges that Hempel insisted on pressing charges, and filed a written report with Officer Boland. (Id. at ¶ 32.) He further alleges that Hempel did not provide any new information to Boland. (Id. at ¶¶ 33, 35.) Griffin alleges that Boland acted on Hempel's complaint, which lead to his arrest, without corroborating her complaint, without conducting any subsequent investigation, and without collecting any new evidence. (Id. at ¶¶ 33-39, 51, 61-63.) Finally, Griffin alleges that Officer Boland lacked probable cause to arrest him. (Id. at ¶ 52.) Looking to Murray, and accepting these allegations as true, Griffin has stated a plausible

claim against Hempel and Walgreen for a violation of his civil rights. The motion to dismiss Count I of the complaint is denied.

**Conversion**

Conversion is the unauthorized assumption of the right of ownership over another's property, to the exclusion the owner's rights. Mackey v. Goslee, 244 S.W.3d 261, 263 (Mo. Ct. App. 2008). A party proves conversion by demonstrating "(1) a tortious taking; (2) any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the true owner's rights; or (3) by a refusal to give up possession to the owner on demand, even though the defendant's original possession of the property was proper." Id. at 263-64. In general terms, "theft" refers to a criminal action, and "conversion" refers to a civil action, but the underlying facts supporting either action are usually identical. Columbia Mut. Ins. Co. v. Long, 258 S.W.3d 469, 476 (Mo. Ct. App. 2008).

In its counterclaim, Walgreen alleges that Griffin stole certain items from one of its stores on May 22, 2009. (Doc. 12 at 27, ¶ 2.) Walgreen notes that it filed a police report after the incident, and that the City Prosecutor currently has the full list of stolen property. (Doc. 37 at ¶¶ 3, 5.) Accepting the company's allegations as true, Walgreen has stated a plausible claim for conversion. The motion to dismiss Walgreen's counterclaim for conversion is denied.

**Assault**

"An assault is any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril." Armoneit v. Ezell, 59 S.W.3d 628, 632 (Mo. Ct. App. 2001). An assault becomes complete if the intent, with the present means of carrying it into effect, exists and the preparations for the assault have been made. Id. Under this definition, an intent to harm - standing alone - is insufficient. State v. Nell, 579 S.W.2d 840, 841 (Mo. Ct. App. 1979). Instead, the accused "must commit some overt act, that is, a hostile demonstration or intentional offer of bodily injury to another, coupled with the present

ability to carry out the attempt if unprevented." Id.  As a result, mere words, no matter how abusive or threatening, do not constitute an assault.  BPSS, Inc. v. Wilhold, No. 4:08 CV 1063 TIA, 2009 WL 736693, at *6 (E.D. Mo. Mar. 18, 2009); State v. Canton, 234 S.W. 799, 800 (Mo. 1921).  At the same time, an assault does not require actual violence against the victim to be complete.  Armoneit, 59 S.W.3d at 632.  An assault can occur without actual harm to the victim, and without a touching or striking of the victim.  Nell, 579 S.W.2d at 841.

In her counterclaim, Hempel alleges that when Griffin entered the store, she advised him that he was not welcome, and instructed him to leave, but that he "refused to leave, and instead offered and verbalized physical threats against [her]."  (Doc. 11 at 26, ¶¶ 3-4)(emphasis added).  She further alleges that Griffin had the ability to carry out these threats against her.  (Id. at ¶ 5.)  Finally, in her response to the motion to dismiss, Hempel argues that Griffin was unable to carry out these threats only because other Walgreen employees intervened to stop him.  (Doc. 38 at ¶ 6.)  Looking to Nell and Armoneit, and accepting these allegations as true, Hempel has plausibly alleged that Griffin assaulted her by offering physical threats against her with the ability to act on that offer.  The motion to dismiss Hempel's counterclaim for assault is denied.

## V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendants Walgreen Company and Allison Hempel to dismiss (Doc. 13) Count I of the complaint is denied.

**IT IS FURTHER ORDERED** that the motion of Otis Griffin to dismiss Walgreen's counterclaim for conversion (Doc. 28) is denied.

**IT IS FURTHER ORDERED** that the motion of Otis Griffin to dismiss Allison Hempel's counterclaim for assault (Doc. 27) is denied.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 18, 2010.